Patrick G. Conroy, OSB #223806
Email: patrick@elpnw.com
Randy J. Harvey, OSB #116714
Email: randy@elpnw.com

**EMPLOYMENT LAW PROFESSIONALS NORTHWEST LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

*Of Attorneys for Plaintiff Sharon Dufek*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **SHARON DUFEK**,<br>                    Plaintiff,<br>        v.<br><br>**BRAD LINNELL INSURANCE INC.**, an Oregon Corporation; **BRAD LINNELL**, an individual; and **AMY STOUT**, an individual<br><br>                    Defendants. | Case No. 1:24-cv-01974<br><br>**COMPLAINT**<br>Disability Discrimination<br>Paid Leave Oregon Retaliation<br>Aiding and Abetting Unlawful Discrimination<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sharon Dufek ("Plaintiff") brings this complaint against Defendants Brad Linnell Insurance Inc., an Oregon Corporation, Brad Linnell, and Amy Stout (collectively "Defendants") as follows:

**JURISDICTION AND VENUE**

1.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000.

2.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial District in and around the city of Medford, Oregon. Venue is proper in this division pursuant to Local Rule 3-2.

## PARTIES

3.

Plaintiff is a resident of Florida.

4.

Defendant Brad Linnell Insurance Inc. ("Defendant BLI Inc.") is an Oregon corporation with its principal place of business located in Medford, Oregon. Defendant BLI Inc. employs several employees who perform approximately the same job function as Plaintiff.

5.

Defendant Brad Linnell ("Defendant Linnell") is the President and owner of Defendant BLI Inc.

6.

Defendant Amy Stout ("Defendant Stout") is the HR Manager of Defendant BLI Inc.

## FACTUAL ALLEGATIONS

7.

All allegations made herein are based upon information and belief.

8.

Plaintiff began working for Defendant BLI Inc. on or around January 23, 2023, as an Office Representative. Plaintiff had a desk job; her primary duties were receptionist duties and phone calls to clients, making adjustments to insurance policies, and other similar duties.

9.

In March 2023, Plaintiff was diagnosed with cataracts in both eyes.

EMPLOYMENT LAW PROFESSIONALS
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

10.

On June 12, 2023, Plaintiff was diagnosed with breast cancer.

11.

On June 15, 2023, Plaintiff requested a disability accommodation from the Defendant in person.

12.

On June 21, 2023, Plaintiff informed defendant of Plaintiff's breast cancer diagnosis in person.

13.

Between September and the end of November 2023, Plaintiff took leave under Paid Leave Oregon because of treatments associated with her cancer.

14.

At the end of the planned paid leave period, Plaintiff was required to have a major surgery to remove cancerous tissue. Plaintiff requested another month off from Defendants to recover from this surgery and Defendants required Plaintiff to use unpaid time.

15.

Unfortunately, the surgery resulted in complications and Plaintiff was hospitalized on four occasions. On one occasion, Plaintiff was hospitalized for sepsis and nearly died.

16.

When Plaintiff returned to Defendants' office in January 2024, Defendants required that Plaintiff produce a doctor's note for every doctor's appointment which she had to attend.

17.

On January 11, 2024, Defendants' disciplined Plaintiff for attending a doctor's visit.

18.

Between January 17 and January 22, 2024, which include two weekend days, Plaintiff took time off to attend a follow-up surgery. Plaintiff told Defendants of the follow-up surgery at

least 30 days in advance. Plaintiff provided Defendants a Doctor's note for this surgery in advance.

19.

On January 22, 2024, Defendant Stout called one of Plaintiff's doctor's offices to verify the reason for Plaintiff's absence on January 17, 2024. The assistant verified that Plaintiff was not in surgery on January 17, 2024. Defendant Stout pressured the assistant to disclose Plaintiff's treatment information.

20.

On January 31, 2024, Defendant Stout disciplined Plaintiff for "2 unexcused absences" which were, in fact, doctor's visits which Plaintiff had informed Defendants of in advance.

21.

On February 5, 2024, Defendant Linnell, with Defendant Stout present, called one of Plaintiff's doctors' offices to verify the reason for Plaintiff's absence on January 17, 2024. The assistant verified that Plaintiff was not in surgery on January 17, 2024. Defendant Stout disciplined Plaintiff as a result of this call.

22.

The January 17, 2024, date was, in fact, a scheduled absence which Plaintiff took because Plaintiff's doctor advised her not to go into the office the day before surgery to avoid catching a cold or other sickness.

23.

On February 9, 2024, immediately prior to one of Plaintiff's doctor's visits, Defendant Stout called the doctor's office and attempted to pressure an assistant to improperly reveal information associated with Plaintiff's health conditions.

24.

On February 12, 2024, Defendant Stout called Plaintiff into her office. Plaintiff presented Defendant Stout with a doctor's note regarding Plaintiff's absence from work from February 7,

PAGE 4 – COMPLAINT

EMPLOYMENT LAW PROFESSIONALS
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

2024, to February 9, 2024.

25.

Defendant Stout told Plaintiff that she would not accept the Doctor's note.

26.

Defendant Stout told Plaintiff that Defendant Stout was letting her go and held up a red envelope which presumably contained termination paperwork.

27.

Plaintiff told Defendant Stout "so you are letting me go over my health problems? That's not right, this is out of my control. I didn't ask for cancer or all the chemo aftermath effects."

28.

Defendant Stout told Plaintiff that "we will let [Defendant Linnell] decide when he comes in around noon."

29.

Later that day, Defendant Linnell called Plaintiff into his office with Defendant Stout present. In the meeting, Defendant Linnell criticized Plaintiff for missing work and taking leave under Paid Leave Oregon.

30.

Defendant Linnell, while holding up the red envelope said "this is what I was going to do, it's your last paycheck. But I will offer you part time Monday through Wednesday with no $200 per month toward health benefits, no commissions, and no [doctor's] appointments on my days."

31.

Plaintiff explained to Defendant Linnell that she could not fully control when her doctor's appointments would occur because the treatment involved several different doctor's offices.

32.

Plaintiff continued working for Defendants on the reduced work schedule and without

PAGE 5 – COMPLAINT

EMPLOYMENT LAW PROFESSIONALS
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

health benefits. On the basis of her reduced schedule another employee commented about how surprising it was that Plaintiff could still make ends meet or financially survive because of the substantially reduced hours.

33.

On information and belief, Defendants reduced Plaintiff's hours in order to convince her to quit.

34.

On at least one occasion during this period, in a meeting in Defendant Stout's office, Defendant Linnel and Defendant Stout criticized Plaintiff for her doctor visits and shamed Plaintiff for her conditions, attempting to make Plaintiff quit.

35.

Between February and March 2024, Defendant Linnell gave Plaintiff the nickname "bags" in reference to her nephrostomy tubes, which were a result of her cancer treatments. On some of the occasions when Defendant Linnell used this nickname, Plaintiff told Defendant Linnell to stop.

36.

During this period, including on March 5, 2024, Defendant Linnell also began making jokes about Plaintiff finally coming to work. These jokes proceeded more or less as follows "Oh wow [addressing Plaintiff], you finally made it in today. Hey guys, look [addressing the office], [Plaintiff] made it in today." On another occasion, the joke proceeded as follow, "wow [addressing the office], Sharon made it to work."

37.

On July 5, 2024, Defendant Stout fired Plaintiff by texting her the following: "Hi Sharon, Brad and I have decided that the continued absences are causing a severe hardship on this office. We desperately need someone capable of being in the office on their scheduled days to keep up with the workload. Please come on Monday to clean out your desk and pick up your final

PAGE 6 – COMPLAINT

EMPLOYMENT LAW PROFESSIONALS
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

paycheck. We wish you the best."

38.

During the sixty-three days of scheduled work between when Defendants reduced Plaintiff's work schedule, February 12, 2024, and when Defendants terminated Plaintiff's employment, July 5, 2024, Plaintiff had only six workdays interrupted by medical appointments or leave.

39.

In May, June, and July of 2024, as Plaintiff progressively healed from her cancer, only two of Plaintiff's workdays were interrupted by medical appointments or leave.

40.

As a result of the Defendants' treatment of Plaintiff during her employment, Plaintiff suffered and continues to suffer emotional damage including crying in Defendants' work bathroom due to insults, stress, anxiety, and stress-related hair loss.

**FIRST CLAIM FOR RELIEF**

**Disability Discrimination – ORS 659A.112**

**Against Defendant BLI Inc.**

41.

Plaintiff incorporates paragraphs 1-40 by reference.

42.

Plaintiff's cataracts, cancer, and the variety of physical maladies that resulted from her cancer constitute physical and impairments that substantially limited one or more life activities.

43.

As evidenced by Defendants' comments, jokes, and insults regarding Plaintiff's conditions, Defendants' termination of Plaintiff's employment was motivated in substantial part due to her disability.

44.

By punishing Plaintiff for going to doctor's visits, labeling them as 'unexcused absences,' by improperly interfering in Plaintiff's medical treatment, by improperly pressuring her medical providers to reveal information about her treatments, and in various disciplinary actions associated with her medical treatment, Defendants discriminated against Plaintiff on the basis of her disability.

45.

Modification of Plaintiff's schedule and the removal of health benefits and commission pay was pretext for employment discrimination and in fact designed to cause Plaintiff to quit by substantially reducing her pay rather than to accommodate her disability. Plaintiff's doctor visits did not constitute an undue hardship on the Defendants.

46.

Even if by February 2024, the accommodation of a reduced work schedule was necessary, Defendants' decision to terminate Plaintiff's employment in July, after decreasing amounts of workday interruptions, was the result of disability discrimination. Because of the decreased interruptions, the "severe hardship," referenced in Plaintiff's termination paperwork was pretext for disability discrimination.

47.

As a result of Defendants' discriminatory action, including termination of Plaintiff and the various other adverse employment decisions at issue, Plaintiff suffered and continues to suffer economic damages including lost wages.

48.

Pursuant to ORS 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, reasonable attorney fees, and costs incurred herein to be proven at trial.

///

///

PAGE 8 – COMPLAINT

EMPLOYMENT LAW PROFESSIONALS
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## SECOND CLAIM FOR RELIEF

### Paid Leave Oregon Retaliation – ORS 657B.070

### Against Defendant BLI Inc.

49.

Plaintiff incorporates paragraphs 1-40 by reference.

50.

Defendant interfered with and discriminated against Plaintiff's paid leave Oregon leave by making the various comments associated with her leave as described herein, by returning her to her to her original position only temporarily, then cutting her hours, and by eventually terminating her employment.

51.

Pursuant to ORS 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, reasonable attorney fees, and costs incurred herein to be proven at trial.

## THIRD CLAIM FOR RELIEF

### Aiding and Abetting Unlawful Discrimination ORS 659A.030 / ORS 659A.112

### COUNT 1

### Against Defendant Stout

52.

Plaintiff incorporates paragraphs 1-40 by reference.

53.

On February 12, 2024, Plaintiff opposed unlawful employment practices, namely Stout's attempt to terminate Plaintiff's employment because of Plaintiff's medical absences and Plaintiff's attempts to use a doctor's note to explain her absences, which would have been violations of ORS 659A.112.

PAGE 9 – COMPLAINT

EMPLOYMENT LAW PROFESSIONALS
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

54.

Defendant Stout's decision to discharge Plaintiff's employment, in July 2024, was in part substantially motivated by Plaintiff's opposition to these practices.

55.

Additionally, Defendant Stout's assistance with disciplining Plaintiff, and eventually terminating Plaintiff's employment constitutes aiding, abetting, and/or inciting, unlawful acts namely disability discrimination constituting violations of ORS 659A.112, including reducing Plaintiff's hours, disciplining Plaintiff for medical absences, and eventually terminating Plaintiff's employment.

56.

Pursuant to ORS 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, reasonable attorney fees, and costs incurred herein to be proven at trial.

## COUNT 2

### Against Defendant Linnell

57.

Plaintiff incorporates paragraphs 1-40 by reference.

58.

Defendant Linnell's assistance with disciplining Plaintiff, and eventually terminating Plaintiff's employment constitutes aiding, abetting, and/or inciting, unlawful acts namely disability discrimination constituting violations of ORS 659A.112, including reducing Plaintiff's hours, disciplining Plaintiff for medical absences, and eventually terminating Plaintiff's employment.

59.

Pursuant to ORS 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, reasonable attorney fees, and costs incurred herein to be proven at trial.

EMPLOYMENT LAW PROFESSIONALS
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Back and front wages in the amount not less than $105,000 to be proven at trial;

2. Emotional distress damages in the amount of not less than $105,000;

3. And reasonable costs and attorney's fees.

DATED this 26th day of November 2024.

                                Respectfully submitted,

                            **EMPLOYMENT LAW PROFESSIONALS**

By:    */s/ Patrick G. Conroy*
           Patrick G. Conroy, OSB #223806
           Email: patrick@elpnw.com
           Randy J. Harvey, OSB #116714
           Email: randy@elpnw.com
           20015 SW Pacific Hwy., Suite 221
           Sherwood, Oregon 97140
           Telephone: 503-822-5340
           Facsimile: 503-433-1404

*Of Attorneys for Plaintiff Sharon Dufek*

PAGE 11 – COMPLAINT

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404